UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. WEISS,

        Plaintiff,

v.                                                                Case No. 18-C-318

P. SHURPIT, et al.,

        Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee, not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $18.80. Plaintiff has also filed a

motion to waive the initial partial filing fee indicating that he lacks the funds to pay it. The court will grant the motion and waive the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's alleges he choked on a chicken bone found in his food. He claims the other inmates noticed what was going on and called out, but officers did not respond for about three

minutes. Eventually, he was able to cough the bones out and officers responded. The officers gave him a glass of water and told him to take his time. He also was taken to the health services unit because of his sore throat.[1] Plaintiff alleges the officers failed to protect him because they did not immediately give him the Heimlich maneuver. Plaintiff also seeks to bring a claim against Defendant Ms. P. Shurpit, who is the Food Services Administrator; the DOC Food Services Administration office; and the food packaging company for deliberate indifference to the chicken bone within his food.

## THE COURT'S ANALYSIS

Plaintiff has failed to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon his by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff has failed to state a claim against the John Doe correctional officers, Defendant Shurpit, the DOC Food Services Administration office,[2] and the food services company for deliberate indifference to the risk of a chicken bone in his food. To establish an Eighth Amendment deliberate

---

[1] Plaintiff attaches an inmate complaint form as an exhibit. ECF No. 1-1 at 5. In this form, he states that he was taken to the health services unit because of his sore throat.

[2] Plaintiff's claim against the Department of Correction's Food Services Administration office fails because it is not a suable entity and must be dismissed.

3

indifference violation, a prisoner must show (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official acted with deliberate indifference to risk. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 835, 837. Subjective knowledge of the risk is required: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. To recover under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An official satisfies the personal responsibility requirement of § 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Id*.

The failure on the part of correctional officers to administer the "Heimlich maneuver" within three minutes of an inmate choking on a chicken bone is not deliberate indifference. Especially in view of the fact that Plaintiff problem was not food blockage but a bone caught in his throat, which he coughed up within minutes, their failure to undertake such a response would appear quite reasonable. The allegation that the officers gave him a glass of water and told him to slow down shows just the opposite of indifference to his condition.

Nor does the Food Service Administrator exhibit deliberate indifference simply because a chicken bone was not removed from the food Plaintiff was served. Plaintiff's complaint suggests at

indifference violation, a prisoner must show (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official acted with deliberate indifference to risk. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 835, 837. Subjective knowledge of the risk is required: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. To recover under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An official satisfies the personal responsibility requirement of § 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Id*.

The failure on the part of correctional officers to administer the "Heimlich maneuver" within three minutes of an inmate choking on a chicken bone is not deliberate indifference. Especially in view of the fact that Plaintiff problem was not food blockage but a bone caught in his throat, which he coughed up within minutes, their failure to undertake such a response would appear quite reasonable. The allegation that the officers gave him a glass of water and told him to slow down shows just the opposite of indifference to his condition.

Nor does the Food Service Administrator exhibit deliberate indifference simply because a chicken bone was not removed from the food Plaintiff was served. Plaintiff's complaint suggests at

most that someone involved in the food preparation might have been negligent. This is not enough to state a § 1983 claim against such a worker's supervisor.

Finally, there is no allegation that would suggest that the food packaging company was acting under color of state law, but even if it was, Plaintiff's claim against it is at most negligence. This is not enough for a federal lawsuit alleging cruel and unusual punishment.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed** for failure to state a claim upon which relief can be granted. The Clerk is directed to enter judgment against the Plaintiff and record a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's motion to waive the initial partial filing fee (ECF No. 8) is **GRANTED** as to the waiver of the initial fee and **DENIED** as to the leave to amend.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this   25th   day of April, 2018.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.