UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

    Plaintiff,

v.                                                                      Case Nos. 18-C-318

P. SHURPIT, et al.,

    Defendants.

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Mark Weiss, who is representing himself, filed this action under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a screening order, the court dismissed Plaintiff's claims for failure to protect him from a chicken bone in his food and deliberate indifference to his throat after choking. Plaintiff has filed a motion for reconsideration; for the reasons that follow, Plaintiff's motion will be denied.

A motion for reconsideration serves a very limited purpose in federal civil litigation. It should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quotation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Here, Plaintiff's motion contains no new evidence and points to no new controlling law. Instead, Plaintiff reiterates his earlier arguments. Plaintiff asserts that the defendants responsible for preparing the food were deliberately indifferent to the presence of the chicken bone. However, as explained in the screening order, Plaintiff's allegations, at most, alleged claims of negligence against those preparing his food. Negligence is insufficient to state a claim of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835, 837 (1994). Because there was no allegations that any of the defendants were aware of the chicken bone within the food, Plaintiff failed to state a claim for deliberate indifference. *Id*. at 837 (explaining that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk").

Plaintiff reiterates his argument that other inmates had to shout to get the attention of guards, who did not react as quickly as Plaintiff believes they should have reacted. As such, he argues they failed to protect him from the harm from the chicken bone. However, in order to sustain a failure to protect claim, Plaintiff had to allege facts sufficient to show "that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). The fact that other inmates realized Plaintiff was choking more quickly than guards did is insufficient to state a claim. Furthermore, the guards could not have prevented Plaintiff from choking on the bone. Plaintiff was in the best position to protect himself by taking small bites and observing his food before he put it in his mouth. He was also in the best position to dislodge the bone from his throat, as he apparently did without the guards performing the Heimlich maneuver on him. Moreover, any harm caused to Plaintiff's throat was caused by the chicken bone,

2

not by the guards' actions or inactions. As such, Plaintiff has failed to state a claim against the guards.

Lastly, Plaintiff reiterates his argument that officers were deliberately indifferent to his serious medical needs by failing to bring him to the nurse. However, this is directly contradicted by Plaintiff's Inmate Complaint form, which he submitted as an exhibit. ECF No. 1-1 at 5. In his Inmate Complaint about the incident, Plaintiff states that he did go see the health services unit because of his sore throat. *Id*. Additionally, Plaintiff alleges the officers were responsive once they realized he was choking. They gave him water and told him to take his time to respond. As a result, Plaintiff has failed to plead sufficient facts to state a claim of deliberate indifference to his medical needs.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (ECF No. 11) is **DENIED**.

Dated this   12th   day of May, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
